YAZOO & MISSISSIPPI VALLEY RAILROAD CO. *v.* BALL JONES.

[59 South. 91.]

APPEAL AND ERROR. *Harmless error. Instructions.*

Where substantially the same instruction which was refused for the defendant, was given to the plaintiff, the defendant cannot complain as he received the benefit of the principal for which he contended.

APPEAL from the circuit court of Yazoo county.

HON. W. A. HENRY, Judge.

Suit by Ball Jones against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

This is an appeal from a judgment of the circuit court for two hundred and twenty-five dollars in favor of the appellee, who was plaintiff below, for the killing of a mule in the nighttime by the train of appellant. On the trial the defendant asked, and was refused, a peremptory instruction. The court also refused the follow-

ing instruction asked by the defendant: ''The court instructs the jury, for the defendant, that if they believe from the evidence that the engineer was on the lookout, and that the fireman was in discharge of his duties, and that the conductor was on the fireman's side, keeping a lookout, and that as soon as the mule came in sight of the conductor he said to the engineer to look out, and that the engineer then and there applied the emergency brake, and that this is what a prudent engineer would have done under the circumstances, that the verdict of the jury should be for the defendant, notwithstanding the fact that the mule was killed.''

It is the contention of the appellee that the following instruction, granted the defendant, correctly states to the jury the principle of law contended for in the refused instruction: ''The court instructs the jury, for the defendant, that if they believe from the evidence that the mule in question was killed in the nighttime, and that the employees of the defendant, the engineer, fireman, and conductor, in the exercise of ordinary watchfulness, could not have seen the mule any sooner, and that after the same was seen that the engineer did all that a prudent and careful engineer could have done to prevent striking the mule, that then the verdict of the jury should be for the defendant.''

*Mayes & Longstreet,* for appellant.

The court should have given the instructions asked by the defendant on page 46, which it refused. That instruction was evidently refused on the idea that the statute controlled the case; and here is brought into view fallacy and evil of that old ruling of Judge CAMPBELL several years ago in which he held that even in a case where the statute did not control, it was not erroneous to give the statute in the instruction. As a matter of fact the sound and true rule is that if a case is not controlled by the statute, the statute ought not to be in-

structed one way or the other. It only has a tendency to confuse and mislead the jury. Certainly in a case like this, where the fact of the killing and its circumstance are shown by eyewitnesses, it is clear error to refuse an instruction asked by the plaintiff because of the statute, when the statute does not control the case.

This instruction was apparently refused on the idea that there was a controversy about the sufficiency of the headlight. We have shown above that in this particular case the sufficiency of the headlight could possibly cut no figure. And the instruction should have been given as it was written.

The instruction given for the plaintiff on page 43 was erroneous for the reason that it contained this clause, if for no other reason:

"And the defendant has not met the burden in this case if the evidence offered upon behalf of the defendant is merely conjectural and uncertain as to how the accident occurred."

This instruction is clearly on the weight of evidence. There were three witnesses introduced by the railroad company, two of them eyewitnesses, who testified explicitly how the accident occurred. There was no conjecture about it whatever, but it was plain straight testimony, as straight as was ever given in a court of justice, whether credible or not. The court had no right to comment as it did upon the weight of this evidence by suggesting to the jury that their testimony was conjectural and especially making that suggestion in a clause of the instruction which runs suspiciously and objectionably like a peremptory instruction, on the weight of the evidence.

*Barbour & Henry,* for appellee.

Counsel for appellant base their contention that the case should be reversed upon the fact that the case refused for the defendant in the court below the last in-

struction, on page 46 of the transcript, and goes on to
state that the statute did not control the case, and for
that reason that it was erroneous to have refused the
instruction. In our view the statute does control the
case, for the reason that the plaintiff's testimony showed
only that the mule was killed on the track, and the phy-
sical evidences shows that it was killed by the railroad,
the evidence introduced being as to the tracks and the
wounds of the mule. The defendant, in an effort to ex-
onerate himself introduced eyewitnesses, however,
whether the case is controlled by the statute or not, the
instruction was very properly refused, for the reason
that it presumed that the agent and servant of the rail-
road company were on the lookout, and presumed that
their testimony is wholly true, notwithstanding the fact
that the physical evidence on the railroad track flatly
convicts them, and for the further reason that it leaves
out of question the skill or carefulness of the servant
in charge of the train. Moreover the law is liberally
stated in the instruction which the court did give them
as follows:

"The court instructs the jury for the defendant that
if they believe from the evidence that the mule in ques-
tion was killed in the nighttime and that the employees
of the defendant, the engineer, fireman and conductor,
in the exercise of ordinary watchfulness, could not have
seen the mule any sooner, and that after the same was
seen that the engineer did all that a prudent and care-
ful engineer could have done to prevent striking the
mule, that then the verdict of the jury should be for the
defendant."

This instruction amounts to nothing more nor less than
the instruction which was refused properly drawn, so
that, while the court very properly refused the other
instruction, nevertheless if the railroad company was
entitled to the instruction, they have not been preju-
diced by its refusal, because they have the same instruc-
tion drawn in other words.

COOK, J., delivered the opinion of the court.

We think the instruction given by the court for the appellant was substantially the same instruction the court refused, and for this reason appellant received the benefit of the principle for which it contended.

There was a conflict in the evidence, and this was properly submitted to the jury.

*Affirmed.*